UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-081-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANIEMA EOUTUKOT UDOUSORO, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is pending for consideration of Defendant Aniema Euotukot Udousoro's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). [Record No. 268] Udousoro contends that relief should be granted as a result of the recent changes to the United States Sentencing Guidelines. He is currently serving a term of imprisonment of 78 months based on his conviction for conspiracy to possess with intent to distribute controlled substances and carrying a firearm during a drug trafficking crime.[1] For the reasons discussed below, Udousoro's motion will be denied.[2]

---

[1] Udousoro received a term of imprisonment of 18 months for conspiracy to possess with intent to distribute controlled substances. By statute, he received a consecutive term of imprisonment of 60 months for carrying a firearm during a drug trafficking crime. [Record No. 201, p. 2] The current motion affects only the 18 month term.

[2] The Court previously considered and denied the defendant's request for the appointment of counsel, noting that a hearing is not necessary in proceedings filed under 18 U.S.C. § 3582(c)(2). [Record No. 266]

A two-count Indictment was returned against Udousoro and five other defendants on June 6, 2013. [Record No. 1] Subsequently, a three-count Superseding Indictment was returned against Udousoro and two other defendants. [Record No. 103] Udousoro was charged in Count One with conspiring to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in Count Two for carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). [Record No. 103] He pleaded guilty to both Counts One and Two of the Superseding Indictment. Paragraph 3 of the written Plea Agreement describes his criminal conduct. It states:

> (a) On March 15, 2013, officers with the Paris Police Department were running stationary radar on Lexington Road in Bourbon County, in the Eastern District of Kentucky. At approximately 1:15 a.m., officers initiated a traffic stop on a white Chevy Impala for speeding, having clocked the vehicle traveling at 83 mph in a 55 mph zone. The Defendant and three other occupants were in the vehicle.
>
> (b) When officers approached the driver side of the vehicle, they could smell a strong odor of marijuana. The Defendant was asked to exit the vehicle. The Defendant advised officers that he had a gun and officers located a loaded Smith & Wesson .45 in a holster on his left hip.
>
> (c) Co-Defendant Jessica Cavezza advised that they were on their way to Millersburg, Kentucky to sell pills to an individual that she identified by name. She advised that these pills were in the possession of the Defendant and that there were approximately 60 pills "tightly wrapped in a ball" on his person.
>
> (d) The Defendant initially denied having the pills, but eventually admitted that he had swallowed them as the police initiated the traffic stop. The Defendant was taken to the Bourbon Community Hospital, where he passed the pills. A total of 49 oxycodone 30 milligram pills were contained in the baggie. Lab testing confirmed that these pills were oxycodone, a Schedule II controlled substance.

[Record No. 198, p. 2]

Udousoro was sentenced on March 24, 2014. [Record No. 197] There were no objections to his Presentence Investigation Report ("PSR"). The defendant's Base Offense Level for Count One was calculated as 16 based on the quantity of drugs attributed to him. [PSR, p. 7] He was placed in Criminal History Category II as a result of his previous convictions and he received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. [*Id.*, pp. 8, 10] As a result, Udousoro's Total Offense Level for Count One was 13 and his guideline range for imprisonment was 15 to 21 months on that count.[3] Additionally, pursuant to U.S.S.G. § 2K2.4(b), Udousoro was subject to a consecutive mandatory minimum sentence of 60 months on Count Two. [*Id.*, p. 14]

During the sentencing hearing, all relevant factors of 18 U.S.C. § 3553 were carefully considered including the serious nature of the offense, the need to promote respect for the law, the defendant's history and characteristics, the detrimental impact such crimes have on the public, and the need for provide general and specific deterrence. The Court recognized that drug and vocational treatment was an important component of the defendant's rehabilitation. After considering the statements and arguments of the parties, as well as the circumstances surrounding the defendant's conduct, the undersigned determined that a term of incarceration of 18 months was necessary for Count One, to be followed by a consecutive term of 60 months for Count Two, producing a total term of incarceration of 78 months. [Record No. 240, pp. 13–14]

---

[3]  Under the 2014 United States Sentencing Guidelines, if the Base Offense Level were reduced to Level 14 based on the drug quantity attributed to the defendant, he would not qualify for a three-level reduction for acceptance of responsibility. Instead, Udousoro's Total Offense Level would be 12 rather than 13 and his non-binding guideline range would be 12 to 18 months.

The amendment to the drug tables does not change the Court's conclusion. The undersigned continues to believe that the sentence imposed is required to provide a just punishment and is not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a). A sentence reduction would fail to adequately reflect the detrimental impact that such crimes have on the communities of the Eastern District of Kentucky and would not promote respect for the law. Further, granting the defendant's motion would not provide sufficient deterrence to Udousoro or to others who might be inclined to participate in similar criminal conduct. Instead, it would unduly diminish the seriousness of his offense. Accordingly, it is hereby

**ORDERED** that the defendant's motion to reduce his sentence [Record No. 268] is **DENIED**.

This 13th day of April, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge